MONTGOMERY et al. v. KNICKERBACKER.

(Supreme Court, Appellate Division, First Department.  February 12, 1897.)

DEPOSITION—EXAMINATION BEFORE TRIAL—EVIDENCE OF ILLNESS.
    An order for the examination of a witness on the ground that she is too ill to appear at the trial is not justified by an affidavit of the party's counsel to the effect that the witness and her physician had informed him that the witness could not be examined in open court without being exposed to great danger, because she was "a sufferer from a form of nervous prostration which the excitement of an examination in open court would be certain to aggravate."

Appeal from special term, New York county.

Action by Richard M. Montgomery and another against Henry Knickerbacker for commissions alleged to be due for the sale of real estate. On the affidavit of defendant's counsel, an order was granted for the examination of a witness before trial. Plaintiffs appeal. Reversed.

The material part of the affidavit on which the order for an examination was granted is "that deponent is personally acquainted with said Mrs. M., and has believed until within a few days last past that she would be able to attend personally at the trial of this action, and be examined as a witness for defendant; but at a personal interview had by deponent with said witness, in the presence of her physician, on January 14, 1897, deponent was informed by said witness and her physician that the condition of said witness' health was such that it would be impossible for said witness to attend the trial of said action, and be examined as a witness in open court, without exposing herself to great danger, said witness being a sufferer from a form of nervous prostration which the excitement of an examination in open court would be certain to aggravate."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

J. W. Fiske, for appellants.

W. R. Bronk, for respondent.

PER CURIAM. We think that the evidence of the illness of the witness which would prevent her from appearing at the trial was altogether too slight to justify the order for her examination.

The order should therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order of January 18th granted, with $10 costs.